UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNET ANDRES GUERRA GUERRA, | Case No. 1:26-cv-04152-NW |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*, | Re: ECF Nos. 9, 2 |
| Respondents. | |

This habeas action concerns the detention of Petitioner Kennet Andres Guerra Guerra, a noncitizen who has lived in the United States since he was a child. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus and motion for a temporary restraining order. ECF Nos. 9, 2. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus and resolves his motion for a temporary restraining order as moot.[1]

## I.   BACKGROUND

Petitioner is a native of Mexico who was brought to the United States as a child. ECF No. 1 ¶ 1. Following his entry, Petitioner began living in Nevada with his family, attended and graduated from a Las Vegas, Nevada high school, and obtained valid work authorization. *Id*. ¶¶

---

[1] In setting a briefing schedule on the habeas petition, the Court indicated that it intended to rule on the habeas petition and motion for a temporary restraining order together. ECF No. 5. Petitioner subsequently requested to file an Amended Petition, indicating in his request that he did not object to the Court ruling on the motion and petition together. ECF No. 10 at 2.

17–18.  His girlfriend, who is expecting their first child, also lives in the United States.  *Id* ¶ 28.

Based on the record before the Court, until his most recent detention, Petitioner was not encountered by immigration authorities at or near the border at the time of entry, and was not previously detained by the Department of Homeland Security.  *See id*. ¶ 17.  Over the last few years, however, Petitioner has submitted various applications with USCIS seeking immigration relief, including a Form I-918A Petition for Qualifying Family Member of a U-1 Recipient and a petition for Deferred Action for Children Arrival ("DACA"), all of which remain pending.  *Id*. ¶¶ 20, 24; ECF No. 6 at 6.

Petitioner was arrested by U.S. Immigrations and Customs Enforcement ("ICE") on December 4, 2025, and concurrently served with a Notice to Appear, charging him with inadmissibility under INA § 212 (a)(6)(A)(i) and placing him in removal proceedings under section 240 of the INA.  *See* ECF No. 6 at 7, 22.  Petitioner's next immigration hearing is scheduled for July 30, 2026, and is currently set as virtual, according to the Executive Office of Immigration Review docket.  *See* https://acis.eoir.justice.gov/en/.

On July 1, 2026, Petitioner, proceeding pro se, filed the instant Habeas Petition challenging the lawfulness of his detention, and seeking immediate release.  *See* ECF No. 1.  After being appointed counsel, Petitioner filed an Amended Petition.  ECF No. 9.  Respondents filed a combined response to the Petition and motion for a temporary restraining order on June 9, 2026.  ECF No. 6.  Their response to the Amended Petition simply incorporated their arguments from that prior June 9 response.  *See* ECF No. 12 at 1 ("Respondent realleges and submits the arguments articulated in its initial response").  The three-page response relies entirely on Respondents' new interpretation of 8 U.S.C. § 1225(b)(2) as mandating Petitioner's detention, a position Petitioner disputes.  *See* ECF No. 9 ¶¶ 32–37.  Without explanation of its relevance, respondents also attached a RAP sheet to their response indicating that Petitioner has been convicted for a misdemeanor-reckless driving offense and a misdemeanor conviction for buying, possessing, or receiving stolen property valued under $1,200 for which he was charged a fine.  ECF No. 6 at 14–20.

## II.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Petitioner asserts five claims for relief in his amended petition: that he is being unlawfully detained under INA § 235(b) (i.e., 8 U.S.C. § 1225(b)) (ECF No. 1 ¶¶ 32–37), that INA § 236(a) (i.e., 8 U.S.C. § 1226(a)) is the correct statutory framework for his detention (*id*. ¶¶ 38–40), that he may not be detained under INA § 236(c)(1)(E)[2] (*id*. ¶¶ 41–47), that his detention has become unconstitutionally prolonged (*id*. ¶¶ 48–52), and that his detention without a meaningful opportunity for release is arbitrary (*id*. ¶¶ 53–55).  Because Petitioner's statutory claims regarding 8 U.S.C. § 1225(b)(2) and 8 U.S.C. § 1226(a) entitle him to the full relief—namely, release from custody—the Court need not consider his remaining two claims.

The primary disagreement between the Parties is whether 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a) controls Petitioner's detention.  *See* ECF No. 6 at 1 ("Petitioner is an "applicant for admission" who is subject to mandatory detention. Section 1225(b)(2) provides for mandatory detention").  This distinction matters because § 1225(b)(2) provides for mandatory detention without any procedural protections, whereas § 1226(a) provides for certain safeguards to ensure

---

[2] Respondents have not argued that Petitioner may be mandatorily detained under INA § 236(c)(1)(E) (i.e., 8 U.S.C. § 1226(c)(1)(E)).

<div style="margin-left:auto">United States District Court<br>Eastern District of California</div>

that detention is warranted. *See Perez v. Lyons*, 823 F. Supp. 3d 1102, 1108 (E.D. Cal. 2026) (explaining that detention under § 1225 is mandatory, whereas § 1226 creates a discretionary framework under which noncitizens may be released on bond or conditional parole); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (explaining that issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)).

Courts throughout this Circuit, including this Court, have found that application of §1225(b)(2) to individuals—like Petitioner—who have lived in the country for many years pending the outcome of removal proceedings "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *see also Gutierrez v. Chesnut*, No. 1:25-CV-1515-DAD-AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *Beltran v. Noem*, No. 25-CV-2650-LL-DEB, 2025 WL 3078837, at *7 (S.D. Cal. Nov. 4, 2025) ("Petitioners' detention, as noncitizens present in the United States without being admitted or paroled … and who were residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a)"); *Garcia v. Noem*, No. 5:25-CV-02771-ODW-PD, 2025 WL 2986672, at *4 (C.D. Cal. Oct. 22, 2025) ("the statutory text does not support Respondents' contention that § 1225 governs where, as here, an alien is present in the United States without admission"); *Aquino v. LaRose*, No. 25-CV-2904-RSH-MMP, 2025 WL 3158676, at *2 (S.D. Cal. Nov. 12, 2025); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026). The Court concurs with these prior, well-reasoned opinions, and concludes that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and that his detention, bond, and release are instead governed by 8 U.S.C. § 1226(a).

"Petitioner was entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing[,]" but was not provided any of those processes. *Perez v. Warden*, No. 2:26-CV-01335-DJC-AC, 2026 WL 788131, at *1 (E.D. Cal. Mar. 20, 2026) (ordering release

United States District Court
Eastern District of California

where Petitioner was unlawfully detained under § 1225(b)(2)).  As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2), and have not argued that Petitioner was lawfully detained pursuant to § 1226(a) or any other statutory authority, the appropriate remedy is Petitioner's immediate release.[3]  *See, e.g.*, *Lepe*, 801 F. Supp. 3d at 1119 (granting immediate release where Petitioner was unlawfully detained pursuant to Section 1225); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P.*, 2025 WL 3013328, at *7–8 (same); *Morillo v. Albarran*, No. 1:25-CV-01533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-CV-01906-DJC-JDP, 2025 WL 3707140, at *6 (E.D. Cal. Dec. 22, 2025); *Najarro-Ortega v. Warden of the California City Det. Facility*, No. 1:26-CV-1994-DC-JDP, 2026 WL 1142838, at *4 (E.D. Cal. Apr. 28, 2026), *report and recommendation adopted*, No. 1:26-CV-01994-DC-JDP (HC), 2026 WL 1283365 (E.D. Cal. May 11, 2026); *Vazquez-Reyes v. Warden, California City Corr. Ctr.*, No. 1:26-CV-3122-DC-AC, 2026 WL 1481556, at *2–3 (E.D. Cal. May 27, 2026), *report and recommendation adopted*, No. 1:26-CV-03122-DC-AC (HC), 2026 WL 1661346 (E.D. Cal. June 9, 2026).

## IV.   CONCLUSION AND ORDER

In accordance with the above, IT IS HEREBY ORDERED THAT:

1.   Petitioner Kennet Andres Guerra Guerra shall be released immediately from Respondents' custody.

2.   If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  Petitioner shall be allowed to have counsel present at any such hearing.

3.   This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

---

[3] Similarly, Respondents have not argued that Petitioner's prior criminal conviction justifies his detention.  Had Respondents detained him pursuant to the appropriate statutory authority—and afforded him with the proper process under that statute—this conviction may have been relevant.

4.      The Clerk of the Court is directed to close this case and enter judgment for Petitioner.


**IT IS SO ORDERED.**

Dated: July 2, 2026

_____

Noël Wise
United States District Judge